IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | CASE NO.   7:20-cv-041 |
| 0.499 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND IRMA GARZA, ET AL., | | |
| *Defendants,* | | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   Pursuant to Rule 26(f) Federal Rules of Civil Procedure, counsel for the United States sent a letter to 80 of the known heirs of Nancy Champion and Pedro Garza, Sr., which stated, in pertinent part:

   > …we are required to confer with all of the parties regarding the joint discovery/case management plan. Discovery is a pre-trial procedure in a lawsuit in which each party can obtain evidence from the other party or parties by means of discovery devices such as interrogatories, requests for production of documents, requests for admissions and depositions. Due to the large number of potential landowners, our office will request that discovery be delayed in this case until the court has an opportunity to conduct a title hearing which will determine which of the 90+ defendants had an ownership interest in the subject property prior to the filing of the lawsuit.
   >
   > **If I don't hear from you by 5pm Friday, April 3, 2020, I will assume you are unopposed** and will put in my certificate of conference that you are unopposed to … delaying discovery until the court holds a title hearing. If, on the other hand, you are opposed to … delaying discovery, please contact me immediately.

   To date, none of the known heirs or their counsel have expressed opposition to the United States' request that discovery be delayed until the Court conducts a title hearing.

2. **State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   The United States proposes that the parties submit their initial disclosures pursuant to Rule 26(a)(1)(A) within two weeks of the Court conducting a title hearing.

3. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   None at this time.

4. **Briefly describe what this case is about.**

   This is a civil action brought by the United States of America under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest.

5. **Specify the allegation of federal jurisdiction.**

   Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

6. **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

   None.

7. **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

   The United States is preparing to file a motion to add the following 15 additional heirs of Nancy Champion and Pedro Garza, Sr. as defendants: (1) Raul Trevino, (2) Abel Garza, Jr., (3) Montrese Woods, (4) Nicole K. Reyna, (5) Joshua E. Gonzales, (6) Stephanie Fernandez, (7) Marina G. Rivera, (8) David Maldonado, (9) Sherry Bouma, (10) Miguel Villegas Maldonado, (11) Juana Bacio, (12) Danny Olivarez, Jr., (13) Javier Guzman, (14) Salvador Guzman, and (15) Eduardo Guzman.

8. **List anticipated interventions.**

   None.

9. **Describe any class-action issues.**

   None.

10. **Describe the discovery plan proposed by the parties, including:**

   A. **What changes should be made in the timing, form or requirement for disclosures under Rule 26(a)?**

   The United States proposes delaying discovery regarding valuation until the Court has an opportunity to conduct a title hearing for the purposes of determining which of the known heirs of Nancy Champion and Pedro Garza, Sr. had an interest in the subject property at the time of the taking. To the extent discovery is required prior to the title hearing, the United States proposes limiting initial discovery to title issues.

   B. **When and to whom the plaintiff anticipates it may send interrogatories?**

   The United States anticipates sending interrogatories to any of the known heirs that are determined by the Court to have had an interest in the subject property at the time of the taking.

   C. **When and to whom the defendant anticipates it may send interrogatories?**

   Defendants reserve the right to send interrogatories to the United States.

   D. **Of whom and by when the plaintiff anticipates taking oral depositions?**

   The United States anticipates taking the oral deposition of any of the known heirs that are determined by the Court to have had an interest in the subject property at the time of the taking.

   E. **Of whom and by when the defendant anticipates taking oral depositions?**

   Defendants reserve the right to depose any fact witness disclosed by the United States or any other party that is determined by the Court to have had an interest in the subject property at the time of the taking.

   F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports?**

   The defendants have the burden of proof regarding the issue of just compensation in this action. At this time, the United States does not know if the defendants intend to designate experts.

   G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

   The defendants have the burden of proof regarding the issue of just compensation in this action. At this time, the United States does not know if the defendants anticipate taking expert depositions.

    **H.** **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

        The United States anticipates taking the deposition of any expert designated by the defendants by the end of the discovery period as designated by the Court.

    **I.** **All other matters raised in Rule 26(f).**

        Not Applicable.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    None.

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    No discovery has been undertaken to date.

**13.** **State the date the planned discovery can reasonably be completed.**

    The United States proposes that the discovery period regarding valuation should be determined after the Court has an opportunity to conduct a title hearing.

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The United States successfully negotiated a direct purchase of the subject property from the owner of record, Irma Garza, for $19,500. Before the sale could be finalized, the United States determined that there was a gap in title from Nancy Champion and Pedro Garza, Sr. (Irma Garza's paternal grandparents) to Maria Garza (Irma Garza's mother). As a result, the United States filed the instant suit in order to clear title to the subject property.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Counsel for the United States has been working for the past several months to ascertain all of the living heirs of Nancy Champion and Pedro Garza, Sr., in order to provide them with notice of the case and to potentially resolve the outstanding title issues surrounding the subject property.

**16.** **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    The United States does not think alternative dispute resolution is applicable.

17. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The United States does not agree to a trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    Plaintiff makes no demand for a jury trial.

19. **Specify the number of hours it will take to present the evidence in this case.**

    The evidence in this case could be presented in 12 to 18 hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    USA's Opposed Motion for Order of Immediate Possession

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

    The United States is working diligently to contact all 90+ heirs of Nancy Champion and Pedro Garza, Sr. To date, the United States has obtained a waiver of service/disclaimer from approximately 70 of the known heirs. The United States is continuing its efforts to contact the remaining heirs and will advise the Court of its progress. Once all of the parties have been provided notice of the case, the United States will request a title hearing to determine ownership of the subject property at the time of the taking.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

    Plaintiff filed its Disclosure of Interested Parties with the Court on April 16, 2020.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    COUNSEL FOR PLAINTIFF:
    **N. JOSEPH UNRUH**
    Attorney in Charge for Plaintiff
    Assistant United States Attorney
    Southern District of Texas No. 1571957
    Texas Bar No. 24075198
    1701 W. Bus. Hwy. 83, Suite 600
    McAllen, TX 78501
    Telephone: (956) 618-8010
    Facsimile: (956) 618-8016
    E-mail: Neil.Unruh@usdoj.gov

DEFENDANTS:

COUNSEL FOR DEFENDANT YOLANDA ALVARADO:
**LEO PRUNEDA**
Attorney in Charge for Defendant Yolanda Alvarado
Texas Bar No. 16373400
1401 W. Polk Avenue
Pharr, TX  78577
Telephone:  (956) 414-9730
Facsimile:   (956) 783-1239
Email: lprunedaatty@aol.com

COUNSEL FOR DEFENDANT GLORIA TORRES:
**ROBERT D. PUENTE**
Attorney in Charge for Defendant Gloria Torres
Southern District of Texas No. 24238
Texas Bar No. 24013359
214 N. 16th Street, Suite 110
McAllen, TX  78501
Telephone: (956) 502-5258
Facsimile:  (956) 685-1144
Email: robpuente@outlook.com

                                                   Respectfully submitted,

                                                   **RYAN K. PATRICK**
                                                   United States Attorney
                                                   Southern District of Texas

By:    *s/ N. Joseph Unruh*
                                                   **N. JOSEPH UNRUH**
                                                   Assistant United States Attorney
                                                   Southern District of Texas No. 1571957
                                                   Texas Bar No. 24075198
                                                   1701 W. Bus. Hwy. 83, Suite 600
                                                   McAllen, TX 78501
                                                   Telephone: (956) 618-8010
                                                   Facsimile: (956) 618-8016
                                                   E-mail: Neil.Unruh@usdoj.gov

## CERTIFICATE OF SERVICE

I, N. Joseph Unruh, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on April 24, 2020, I mailed a true and correct copy of the foregoing document to the all parties still remaining in this case.

                    By:    *s/ N. Joseph Unruh*
                              **N. JOSEPH UNRUH**
                              Assistant United States Attorney